# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 03-CR-0154-HDC |
| ) | |
| BOBBY DALE KELLEY, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Now before the Court is Bobby Dale Kelley's "Petition for Extraordinary Relief in the Nature of Audita Querela, Mandamus, Coram Nobis, Coram Vobis Prohibition, Habeas Corpus, and/or Injunctive any Other Extraordinary Relief Pursuant to Title 28 USC 1651" (Dkt. # 71).

### I.

Kelley was charged in a one-count superseding indictment with conspiracy to manufacture 500 grams or more of a mixture and substance containing methamphetamine. Dkt. # 2. On December 9, 2004, a jury found Kelley guilty. Dkt. # 30. On March 24, 2005, Kelley was sentenced to a term of life imprisonment followed by a term of supervised release of ten years, a fine of $5,000 and a special monetary assessment of $100. Dkt. # 36. Kelley received an enhanced sentence due to his two prior felony drug convictions. See Dkt. ## 28, 26. Kelley appealed, challenging: the district court's treatment of the jury's note stating it was deadlocked; the sufficiency of the evidence supporting his conviction; and the admission at trial of evidence of a subsequent criminal conviction[1]

---

[1] At trial, the parties stipulated that Kelley was convicted of felony methamphetamine possession on September 11, 2003.

and certain rebuttal testimony. See Dkt. # 61, at 1-2. The Tenth Circuit affirmed Kelley's conviction and sentence. Id. at 24.

On October 4, 2007, Kelley filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 62). Kelley argued that he was denied effective assistance of counsel because his trial lawyer failed to effectively mount a defense that he was not guilty of the charged crime. Kelley's motion was denied on December 6, 2007. Dkt. # 66. Kelley did not appeal the denial of his § 2255 motion.

Kelley asserts a number of legal bases for the instant petition, including: the All Writs Act, 28 U.S.C. § 1651; Fed. R. App. P. 23; and Fed. R. Civ. P. 60(b). He argues that the jury had insufficient evidence to determine the actual amount of methamphetamine, that his sentence was improperly enhanced based on prior convictions that could not be used for enhancement, and that this Court lacked jurisdiction to impose a sentence greater than a term of imprisonment of ten years because the indictment did not use the words "actual methamphetamine." Dkt. # 71, at 6.

**II.**

The issuance of writs of error coram nobis and audita querela[2] is authorized by 28 U.S.C. 1651(a), which states that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." However, common law writs, such as the writs of error coram nobis and audita querela, are extraordinary remedies and allowed under compelling circumstances only. United States v. Morgan, 346 U.S. 502 (1954) ("[c]ontinuation of litigation after final judgment and exhaustion or waiver of any statutory right of review should be allowed only under circumstances compelling such action to achieve justice"). As an extraordinary remedy, relief under the All Writs Act is available only when § 2255 motions or other forms of relief are not available. Ward v. United States, 381 F.2d 14, 15 (10th Cir. 1967); Adam v. United States, 274 F.2d 880, 882 (10th Cir. 1960); see also Caravalho v. Pugh, 177 F.3d 1177 (10th Cir. 1999) ("[t]he exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255"). "The writ of error coram nobis is used to vacate a federal sentence or conviction when a § 2255 motion is unavailable - generally when the petitioner has served his sentence completely and

---

[2] "Writs of audita querela and coram nobis 'are similar, but not identical.' Usually, a writ of coram nobis is used 'to attack a judgment that was infirm [at the time it issued], for reasons that later came to light.' By contrast, a writ of audita querela is used to challenge 'a judgment that was correct at the time rendered but which is rendered infirm by matters which arise after its rendition.'" United States v. Torres, 282 F.3d 1241, 1245 n.6 (10th Cir. 2002) (internal citations omitted). Further, the distinction between the writ of coram nobis and coram vobis "is 'virtually meaningless in the American context.'" United States v. Thomas, 49 Fed. App'x 781, 783 n.1 (10th Cir. 2002) (unpublished) (quoting United States v. Sawyer, 239 F.3d 31, 37 n.4 (1st Cir. 2001)). Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1: 10th Cir. R. 32.1. To the extent that Kelley's petition is a request for a writ of mandamus or an injunction, such relief is unavailable given the posture of this case.

thus is no longer 'in custody' as required for § 2255 relief." Blanton v. United States, 94 F.3d 227 (6th Cir. 1996).  Similarly, "a writ of audita querela is 'not available to a petitioner when other remedies exist, such as a motion to vacate under 28 U.S.C. 2255.'" Torres, 282 F.3d at 1245 (quoting Tavares v. Mass., 59 F. Supp. 2d 152, 155 (D. Mass. 1999)); see also United States v. Valdez-Pacheo, 237 F.3d 1077, 1080 (9th Cir. 2000) ("[w]e agree with our sister circuits that a federal prisoner may not challenge a conviction or a sentence by way of a petition for a writ of audita querela when that challenge is cognizable under § 2255").

Kelley's petition is, in substance, a § 2255 petition.  He argues that his conviction and the sentence he is currently serving are invalid. United States v. Herrera, 216 Fed. App'x 809, 810 (10th Cir. 2007) (unpublished)[3] (determining that petition for a writ of audita querela asserted substantive claims to set aside petitioner's conviction and, therefore, was "in essence, a successive § 2255 petition"); see also United States v. Rogers, 345 Fed. App'x 358, 360 (10th Cir. 2009) (unpublished)[4] (affirming district court's decision to construe a pleading under the All Writs Act as seeking substantive § 2255 relief where the pleading attacked the legality of the petitioner's detention); United States v. McIntyre, 313 Fed. App'x 160, 161 (10th Cir. 2009) (unpublished)[5] (concluding that the writ of audita querela was not available because § 2255 provided the exclusive means for the petitioner to test his conviction in the sentencing court).

---

[3] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1: 10th Cir. R. 32.1.

[4] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1: 10th Cir. R. 32.1.

[5] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1: 10th Cir. R. 32.1.

Kelley makes no argument regarding the availability of relief under § 2255, and nothing in the record suggests that § 2255 relief is unavailable or inadequate in this case. Whether or not Kelley could file a second or successive habeas petition in is immaterial, because it would not mean that § 2255 relief is unavailable for purposes of the All Writs Act. The Supreme Court has stated that "[w]here a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." Carlisle v. United States, 517 U.S. 416, 429 (1996) (quoting Pennsylvania Bureau of Correction v. United States Marshals Service, 474 U.S. 34, 43 (1985)). Courts that have considered the issue have not permitted prisoners to circumvent the procedural requirements of § 2255, such as the statute of limitations or requirements for filing a second or successive petition, with a common law writ. United States v. Esogbue, 357 F.3d 532 (5th Cir. 2004); Godoski v. United States, 304 F.3d 761 (7th Cir. 2002); United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2000). The proper procedure to challenge Kelley's conviction or sentence is § 2255, not a common law writ. For this reason, Kelley's request for issuance of a common law writ should be denied.

Kelley also asserts that this Court has jurisdiction over his petition pursuant to Fed. R. Civ. P. 60(b). Dkt. # 71, at 3. When presented with a Rule 60(b) motion, a court must determine whether it is a second or successive habeas petition or a "true" Rule 60(b) motion. Spitznas v. Boone, 464 F.3d 1213, 1216 (10th Cir. 2006). A 60(b) motion "is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction. Conversely, it is a "true" 60(b) motion if it either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application; or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge

5

does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition . . . ." Id. at 1214-15 (internal citations omitted).

Kelley filed a § 2255 petition, which was denied. Dkt. # 66. Kelley did not appeal this denial. Kelley's instant petition asserts arguments for relief from his underlying conviction and sentence. Because he does not allege defects in this Court's determination of his § 2255 petition, the instant petition is not a "true" Rule 60(b) motion. Therefore, it will be treated as a second or successive § 2255 motion.

The Tenth Circuit Court of Appeals has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). Citing Trujillo v. Williams, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006), the Tenth Circuit stated that "[f]actors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." Cline, 531 F.3d at 1251. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the mater to this court for authorization." Id. at 1252 (citing Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases)).

> A second or successive § 2255 petition must be dismissed unless it contains:
>
> newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Kelley argues that his conviction and sentence should be set aside for three reasons: the jury had insufficient evidence to determine the actual amount of methamphetamine involved in the conspiracy; this Court lacked jurisdiction to impose a term of imprisonment greater than ten years because the superseding indictment did not include the words "actual methamphetamine;" and the use of his past criminal record to enhance his sentence was in error. Dkt. # 71, at 5. None of these arguments merits a second or successive § 2255 petition. The first two are not based on newly-discovered evidence or a new, retroactive rule of constitutional law. Kelley's citation to Shepard v. United States, 544 U.S. 13 (2005), in support of his third argument is without merit because Shepard merely held that a sentencing court cannot look to police reports in making a "generic burglary" decision under the Armed Career Criminal Act. However, Kelley's sentence was enhanced based on prior felony drug convictions under 21 U.S.C. § 851, not burglary convictions under the Armed Career Criminal Act.

The Court finds that Kelley's petition should be dismissed for lack of jurisdiction because it is a second or successive § 2255 motion and the interests of justice do not require this Court to transfer Kelley's petition to the Tenth Circuit. Kelley does not assert any claim that meets the requirements of § 2255(h) for filing a second or successive § 2255 motion, and there is no possibility that a meritorious claim will be lost absent transfer of defendant's motion to the Tenth Circuit.

Kelley further asserts that this Court has jurisdiction over his petition pursuant to Fed. R. App. P. 23. Dkt. # 71, at 2. That rule applies to ongoing habeas corpus proceedings. As Kelley does not have a § 2255 petition pending, there is no such ongoing proceeding at this time.

**IT IS THEREFORE ORDERED** that Kelley's "Petition for Extraordinary Relief in the Nature of Audita Querela, Mandamus, Coram Nobis, Coram Vobis Prohibition, Habeas Corpus, and/or Injunctive any Other Extraordinary Relief Pursuant to Title 28 USC 1651" (Dkt. # 71) is **denied**. To the extent that Kelley's petition is a second or successive motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255, such motion is **dismissed for lack of jurisdiction**. A separate judgment is entered herewith.

**IT IS SO ORDERED** this 11th day of May, 2010.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT